## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                     )
         Plaintiff,          )
                                     )
v.                             )        Case No. 11-CR-149-002-CVE
                                     )
CHANTZ GERMAINE PATTERSON,    )
a/k/a Chantz Terrance Patterson,      )
a/k/a Chank,                    )
                                     )
         Defendant.       )

## OPINION AND ORDER

Now before the Court is defendant Chantz Germaine Patterson's Motion to Sever and/or Alternative Motion to Suppress Extrajudicial Statements by Codefendants (Dkt. # 51). Patterson, Joseph Paul Beeson, III, and Calvin Shobe are charged with conspiracy to commit an offense against the United States (count one), bank robbery (count two), and using or carrying a firearm during and in relation to a crime of violence (count three), and Patterson and Shobe only are charged with possessing a firearm after former felony conviction (count four). Dkt. # 31. Patterson asks the Court to sever his trial from that of his co-defendants because Beeson and Shobe each gave a confession and/or made other out-of-court statements that directly incriminate Patterson, and it is not likely that Patterson will be able to cross-examine Beeson or Shobe at trial.

The following factual allegations are in the indictment: On August 2, 2011, the defendants drove by an Arvest Bank located at 4825 East 36th Street in Tulsa, Oklahoma and selected that bank for the planned robbery. Patterson and Shobe gave Beeson a firearm, a black bag, and a mask, and Beeson and an unidentified co-conspirator conducted surveillance of the bank. The unidentified co-conspirator chose not to participate in the robbery, and Beeson conveyed this information to

Patterson and Shobe at a pre-arranged "meet spot." Beeson returned to the bank and entered the bank alone. Beeson brandished the gun during the robbery and stole $4,068 from the bank. Beeson delivered the firearm and the money to Patterson and Shobe at the meet spot, and Patterson and Shobe left with the money.

Patterson states that Beeson and Shobe waived their <u>Miranda</u> rights and participated in lengthy interviews with law enforcement officials after their arrests. Dkt. # 51, at 2. Beeson also gave a written confession and this confession implicates Patterson as a key participant in the bank robbery. <u>Id.</u> at 11-15 (Beeson's written confession). Beeson, Patterson, and Shobe were charged with bank robbery and other crimes in a single indictment. Shobe has requested a competency evaluation, and his request has been granted.[1] Dkt. # 60. Beeson has advised the Court that he intends to change his plea to guilty as to certain counts, and the government states that Beeson has agreed to testify on behalf of the government if this matter proceeds to trial. Dkt. # 59, at 2.

Under Fed. R. Crim. P. 14(a), a district court may sever the trials of co-defendants joined in a single indictment if a joint trial would prejudice one or more of the defendants named in the indictment. However, "[j]oint trials of defendants who are indicted together are preferred because '[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" <u>United States v. Hall</u>, 473 F.3d 1295, 1301-02 (10th Cir. 2007) (quoting <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993)). If defendants have been properly joined in the

---

[1]     The government states that it will request a continuance of Patterson's trial to a date after Shobe's competency evaluation is completed to avoid separate trials for Patterson and Shobe. Dkt. # 59, at 5-6. The parties should be prepared to address this issue at the pretrial conference on October 11, 2011, but the Court is not inclined to continue the trial of this matter for an indefinite period time while awaiting the results of Shobe's competency evaluation. The government should be prepared to proceed to trial against Patterson on October 17, 2011.

same indictment, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. "[W]hen two or more people commit a criminal act and are later jointly indicted, they can usually expect to be tried together." United States v. Dirden, 38 F.3d 1131, 1141 (10th Cir. 1994) (quoting United States v. Dill, 693 F.2d 1012, 1014 (10th Cir. 1982)). A court's decision to order severance is discretionary, and a defendant bears a "heavy burden of showing real prejudice to his case." United States v. McConnell, 749 F.2d 1441, 1444 (10th Cir. 1984).

Patterson argues that his trial should be severed from the trials of his co-defendants, because they have made statements incriminating Patterson and he will likely be unable to cross-examine his co-defendants at trial. Dkt. # 51, at 4. In United States v. Bruton, 391 U.S. 123 (1968), the Supreme Court held that a defendant's right to confront the witnesses against him is violated by the admission of an out-of-court statement by a co-defendant if the statement implicates the defendant and the co-defendant does not testify at trial. The Tenth Circuit has rejected a broad interpretation of Bruton and has declined to extend Bruton to require the exclusion of statements that "are not directly inculpatory but only inferentially incriminating." United States v. Rahseparian, 231 F.3d 1267, 1277 (10th Cir. 2000). A Bruton problem may be cured by redaction of an out-of-court statement implicating the defendant if it is possible to remove references to the defendant from the statement without making it obvious that any statements reference the defendant. United States v. Sarracino, 340 F.3d 1148, 1159 n.3 (10th Cir. 2003). It is not sufficient merely to remove a defendant's name from the out-of-court statement and there must be no "reference to his or her

existence" and, in addition, the Court must give a proper limiting instruction. Richardson v. Marsh, 481 U.S. 200, 211 (1987).

Patterson has not shown that Bruton requires the Court to sever his trial from that of his co-defendants or even that a Bruton issue will arise at trial, and his motion (Dkt. # 51) should be denied. Patterson's motion is based on an assumption that his co-defendants will not be available for cross-examination at trial, but Beeson has agreed to testify for the government and Patterson will be able to cross-examine him at trial. Dkt. # 59, at 2. A Bruton issue arises only when a co-defendant makes an out-of-court statement incriminating the defendant and the co-defendant does not testify at the defendant's trial. Patterson will have an opportunity to cross-examine Beeson, and Patterson's rights under the Confrontation Clause will not be violated if the government elects to use Beeson's oral or written confession at trial. The government argues that Beeson, Patterson, and Shobe are charged with conspiracy to commit an offense against the United States, and it would be preferable to resolve the charges against Patterson and Shobe in a single trial. The Tenth Circuit has recognized a "presumption in a conspiracy trial that coconspirators charged together preferably should be tried together." United States v. Pursley, 577 F.3d 1204, 1215 (10th Cir. 2009). The government is clearly aware of potential Bruton issues concerning the use of Shobe's statements at trial. If Shobe does not testify on behalf of the government at trial, the government states that it will "inquire of witnesses only about Shobe's statements that incriminate Shobe, and no other defendant." Dkt. # 59, at 7. Defendant's request for severance may also be moot because Beeson will change his plea and Shobe's competency evaluation is not likely to be completed before the scheduled trial date. Thus, even though Patterson has not shown that severance is required under Bruton, he may actually be the only defendant on trial if the trial remains set as currently scheduled.

Patterson may re-urge his request to suppress or exclude Shobe's statements if the government elects to use Shobe's out-of-court statements at trial and the government is unable to redact references to Patterson from the statements. The government has stated that it will use Shobe's statements only against Shobe and, if Shobe is not tried with Patterson, it is reasonable to infer that the government will not introduce Shobe's statements at trial. However, the government has the option to use Shobe's statements at trial if they can be sufficiently redacted, and it would be premature to exclude Shobe's statements in their entirety. Patterson's request to exclude evidence is denied without prejudice to re-urging if a <u>Bruton</u> issue arises during trial.

**IT IS THEREFORE ORDERED** that defendant Chantz Germaine Patterson's Motion to Sever and/or Alternative Motion to Suppress Extrajudicial Statements by Codefendants (Dkt. # 51) is **denied**.

**DATED** this 11th day of October, 2011.

_Claire V Eagan_

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT