**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CR-0149-002-CVE |
| | ) | (13-CV-0621-CVE-PJC) |
| CHANTZ GERMAINE PATTERSON, | ) | |
| a/k/a Chantz Terrance Patterson, | ) | |
| a/k/a Chank, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Summary Judgment Rule 59(e) Motion (Dkt. # 290). Defendant asks the Court to reconsider its opinion and order (Dkt. # 286) denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 246), because the government allegedly failed to respond to his argument that defense counsel was ineffective for failing to object to a career offender enhancement. Dkt. # 290, at 2. He could also be arguing that the Court failed to consider this argument in its ruling on his § 2255 motion.

Defendant was charged with conspiracy (counts one and five), bank robbery (counts two and six), using, carrying, or brandishing a firearm during and in relation to a crime of violence (counts three and seven), and possession of a firearm after former felony conviction (count four). Dkt. # 80. Defendant changed his plea to guilty as to counts one, two, three, five, and six of the superseding indictment (Dkt. # 80) pursuant to a plea agreement with the government, and the plea agreement (Dkt. # 106) contained a waiver of appellate and post-conviction rights. A presentence investigation report was prepared by the United States Probation Office, and it was determined that the defendant qualified as a career offender under the United States Sentencing Guidelines. Defendant was

sentenced to a total term of imprisonment of 192 months. Dkt. # 177. Defendant filed a notice of appeal and attempted to challenge his sentence on direct appeal, but the appeal was dismissed based on the appellate waiver contained in the plea agreement. Dkt. # 220. Defendant filed a § 2255 motion (Dkt. # 246), and the government responded that many of defendant's claims were barred by the post-conviction waiver contained in the plea agreement. Dkt. # 255. The Court found that defendant's claim concerning the career offender enhancement fell within the scope of his post-conviction waiver, and the Court dismissed this claim without considering the merits of defendant's argument. Dkt. # 286, at 12-13. The Court either dismissed or denied all of defendant's claims, and he was not granted any relief on his § 2255 motion.

Defendant asks the Court to reconsider its opinion and order denying his § 2255 motion, because he claims that the government failed to respond to his argument that defense counsel should have objected to a career offender enhancement. Dkt. # 290, at 2. He also argues that the Court failed to consider defendant's argument concerning the career offender enhancement, even though the argument was raised in his § 2255 motion. Id. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution

2

of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

Defendant's request for relief under Rule 59(e) is a true motion to reconsider, because he is arguing that the Court failed to consider a claim alleged in his § 2255 motion. Defendant asserts that the government failed to respond to his argument that defense counsel was ineffective for failing to object to the career offender enhancement, and he also argues that the Court failed to rule on defendant's argument that defense counsel allegedly failed to object to a career offender enhancement. The Court has reviewed the government's response (Dkt. # 255) to defendant's § 2255 motion and the opinion and order denying defendant's § 2255 motion (Dkt. # 286), and defendant's argument is meritless. The government specifically argued that defendant's claim concerning the career offender enhancement fell within the scope of defendant's post-conviction waiver, and this argument was clearly presented to the Court. The Court expressly identified ground one of defendant's § 2255 motion as a claim that defense counsel should have objected to the career offender enhancement, and the Court found that this claim fell within the scope of defendant's waiver of his post-conviction rights. Dkt. # 286, at 12-13. Defendant's procedural argument that his claim was not considered by the Court is not supported by the record, and his motion to

reconsider should be denied. Defendant does not argue that the Court erred by finding that the claim fell within the scope of the post-conviction waiver, and it is unnecessary for the Court to reach that issue.

**IT IS THEREFORE ORDERED** that defendant's Summary Judgment Rule 59(e) Motion (Dkt. # 290) is **denied**.

**DATED** this 5th day of October, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE