IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CR-0149-002-CVE |
| | ) | (20-CV-0044-CVE-JFJ) |
| CHANTZ GERMAINE PATTERSON, | ) | |
| a/k/a Chantz Terrance Patterson, | ) | |
| a/k/a Chank, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 321) and plaintiff's motion to dismiss defendant's successive § 2255 motion (Dkt. # 327). Defendant has obtained authorization from the Tenth Circuit Court of Appeals to proceed with a second or successive § 2255 motion asserting a claim under United States v. Davis, 139 S. Ct. 2319 (2019), and he argues that conspiracy to commit bank robbery is not a crime of violence under the elements clause of § 924(c). Defendant has filed two motions asking the Court to appoint counsel to assist him with his successive § 2255 motion. Dkt. ## 320, 326. Defendant's successive § 2255 motion is fully briefed and he has clearly articulated the factual and legal issues that he believes support his request to vacate his § 924(c) conviction, and the Court finds that it would not be necessary or helpful to appoint counsel to represent defendant in this matter. Defendant has also filed two motions (Dkt. ## 324, 325) to supplement his successive § 2255 motion, and the motions simply clarify that defendant believes that the predicate crime of violence supporting his § 924(c) conviction is conspiracy to commit bank robbery.

On January 5, 2012, a grand jury returned a superseding indictment charging defendant with conspiracy to commit an offense against the United States (counts one and five), bank robbery with a dangerous weapon (counts two and six), using, carrying, or brandishing a firearm during and in relation to a crime of violence (counts three and seven), and possession of a firearm after former felony conviction (count four). Dkt. # 80. The predicate offense for both of the charges under 18 U.S.C. § 924(c) was bank robbery with a dangerous weapon. Defendant changed his plea to guilty as to counts one, two, three, five, and six of the superseding indictment pursuant to a plea agreement, and the plea agreement (Dkt. # 106) contained a waiver of appellate and post-conviction rights. As part of the plea agreement, plaintiff agreed to dismiss the second § 924(c) charge which would have subjected defendant to a 25 year mandatory minimum sentence. As to the charges of bank robbery with a dangerous weapon, the Court advised defendant that the elements of this offense that plaintiff would be required to prove at trial were that:

> [defendant] intentionally took from the person of another money, that the money belonged to or was in the possession of a federally insured bank at the time of the taking, that [defendant] took the money by means of force and violence or intimidation, and that you assaulted some person or put someone's life in jeopardy by the use of a dangerous weapon or device while engaged in taking the money.

Dkt. # 108, at 23-24. These elements are taken from Tenth Circuit Pattern Jury Instruction 2.77 for the offense of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). As to count two, defendant admitted that he assisted Calvin Shobe plan the robbery of a bank located in Tulsa, Oklahoma and that he and Shobe provided a firearm to Joseph Beeson for the purpose of committing the robbery. Id. at 25. Defendant and Shobe waited in a car while Beeson robbed the bank using the firearm, and he and Shobe kept the firearm and the proceeds of the robbery. Id.

A presentence investigation report (PSR) was prepared by the United States Probation Office, and it was determined that defendant qualified as a career offender under the United States Sentencing Guidelines. Defendant was sentenced to a total term of imprisonment of 192 months. Dkt. # 177. Defendant filed a notice of appeal and attempted to challenge his sentence on direct appeal, but the appeal was dismissed based on the appellate waiver contained in the plea agreement. Dkt. # 220. Defendant filed a § 2255 motion (Dkt. # 246), and plaintiff responded that many of defendant's claims were barred by the post-conviction waiver contained in the plea agreement. Dkt. # 255. The Court found that defendant's claim concerning the career offender enhancement fell within the scope of his post-conviction waiver, and the Court dismissed this claim without considering the merits of defendant's argument. Dkt. # 286, at 12-13. The Court either dismissed or denied all of defendant's claims, and he was not granted any relief on his § 2255 motion. Defendant filed a motion requesting reconsideration of his § 2255 motion, and the Court rejected defendant's argument that the Court failed to consider all of the claims raised in his § 2255 motion. Dkt. # 291.

Defendant received authorization to file a second or successive § 2255 motion challenging application of the career offender enhancement in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Dkt. # 296. The Court stayed defendant's motion pending a ruling by the Supreme Court on the application of Johnson to the United States Sentencing Guidelines. Dkt. # 301. On May 12, 2017, the Court lifted the stay and denied defendant's motion after the Supreme Court determined in Beckles v. United States, 137 S. Ct. 886 (2017), that the reasoning of Johnson was not applicable to the advisory sentencing guidelines. Dkt. # 302. Defendant received authorization from the Tenth Circuit to proceed with a successive § 2255 motion

asserting a claim under <u>Davis</u>. Defendant's successive § 2255 motion (Dkt. # 321) was filed on February 4, 2020, and the Court ordered plaintiff to respond to the motion.

In order for the Court to issue a decision on the merits of defendant's motion, the Court must determine if defendant is actually relying on a new rule of constitutional law as required by § 2255(h). There are two "procedural gates" that a person seeking relief under § 2255(h) must satisfy:

> (1) a prima facie showing to the court of appeals that the motion satisfies the requirements of § 2255(h), defined as "a sufficient showing of possible merit to warrant a fuller exploration by the district court" and
>
> (2) a determination by the district court that the petition does, in fact, satisfy those requirements.

<u>United States v. Pullen</u>, 913 F.3d 1270, 1276 (10th Cir. 2019). Defendant has satisfied the first procedural gate by obtaining authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion, and this Court must determine whether defendant's § 2255 motion actually relies on a new rule of constitutional law made retroactive to cases on collateral review. In the context of reviewing the validity of a § 924(c) conviction, a district court must review the record to determine if there is any mention of the residual clause in the PSR or sentencing pleadings, and the district court must determine whether it would have been necessary to rely on the residual clause to sustain the conviction. <u>United States v. Copeland</u>, 921 F.3d 1233, 1242 (10th Cir. 2019). The Court has reviewed the PSR, the sentencing pleadings, and a transcript of the sentencing hearing, and there is no mention of the residual clause. The Court will consider whether it would have been necessary to rely on the residual clause to sustain defendant's § 924(c) conviction.

Defendant argues that conspiracy to commit bank robbery is not a crime of violence under the elements clause of § 924(c), because he did not actually enter the bank and the act of joining a

conspiracy to rob a bank does not involve the use of force or violence.  Dkt. # 321, 3-4.  In Johnson, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague.  Johnson, 135 S. Ct. at 2556.  The ACCA provided that a "violent felony" was:

> any crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Id. at 2555 (emphasis in original).  The final clause of this section of the statute was known as the residual clause.  The Supreme Court considered its prior cases interpreting the residual clause and noted the uncertainty in its prior decisions, and found that "this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy."  Id. at 2558.  The Supreme Court found that the residual clause was unconstitutionally vague, but the Supreme Court did not call into question the validity of the remainder of the ACCA.  Id. at 2563.  In subsequent decisions, the Supreme Court applied the reasoning of Johnson to other statutes with similar language, and in two cases found that a residual clause in a federal criminal statute was unconstitutionally vague.  Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (finding the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague because it provided no objective way to determine what crimes may ordinarily fit within the definition or what level of risk would be needed to commit a qualifying offense); Davis, 139 S. Ct. 2319 (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague under the reasoning of Johnson).  The

Tenth Circuit has determined that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019).

In this case, defendant was convicted of conspiracy to commit an offense against the United States (count one and five), bank robbery with a dangerous weapon (counts two and six), and using, carrying, or brandishing a firearm during and in relation to a crime of violence (count three). The superseding indictment (Dkt. # 80) identifies count two as the crime of violence during which defendant used, carried, or brandished a firearm for the § 924(c) charge. Defendant argues that his § 924(c) conviction is no longer valid, because conspiracy to commit bank robbery could only meet the statutory definition of "crime of violence" under the residual clause that was found unconstitutional in Davis. When defendant was convicted, a "crime of violence" could be any offense that:

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (B) is the residual clause that was found unconstitutional in Davis, and an offense must now qualify under § 924(c)(3)(A), known as the elements clause, in order to serve as a predicate offense for a § 924(c) conviction.

Defendant's argument to vacate his § 924(c) conviction is based on the mistaken premise that the predicate offense for this conviction was conspiracy to commit bank robbery. The superseding indictment clearly identifies the crime of violence for count three as "Bank Robbery with a Dangerous Weapon, a violation of Title 18, United States Code, Sections 2113(a) and 2113(d)."

Dkt. # 80, at 5. Section 2113(a) provides that "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of" any bank. The maximum sentence for a conviction under § 2113(a) is 20 years. However, the statutory maximum increases to 25 years if the person committing the offense "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). The Tenth Circuit has not issued a published decision on the precise issue of whether an offense under § 2113(a) and (d) satisfies the elements clause of § 924(c)(3)(A), but there are several unpublished decisions finding that armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A). United States v. Rinker, 746 F. App'x 769, 771-72 (10th Cir. Aug. 21, 2018); United States v. Hill, 745 F. App'x 77, 78-79 (10th Cir. Aug. 9, 2018); United States v. Smith, 730 F. App'x 710, 711 (10th Cir. July 6, 2018).[1] Other federal circuit courts of appeals have found that armed bank robbery is a crime of violence under § 924(c)(3)(A). Wingate v. United States, 969 F.3d 251, 264 (6th Cir. 2020); King v. United States, 965 F.3d 60, 71 (1st Cir. 2020); United States v. Smith, 957 F.3d 590, 594 (5th Cir. 2020); In re Pollard, 931 F.3d 1318 (11th Cir. 2019).

The Court finds that defendant's conviction under § 924(c) remains valid after Davis, because the underlying offense of armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A). Defendant's § 2255 motion is based on the mistaken premise the predicate crime of violence for his § 924(c) conviction was conspiracy to commit bank robbery. Dkt. # 321,

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

at 2; Dkt. # 354, at 5. The superseding indictment clearly states that the crime of violence during which defendant used and carried a firearm was count two, which was a charge of armed bank robbery. Dkt. # 80, at 4-5. Defendant could be arguing that aiding and abetting the crime of armed bank robbery would not qualify as a crime of violence. Dkt. # 354, at 4. However, this argument has been rejected by the Tenth Circuit. In United States v. Bowen, 527 F.3d 1065 (10th Cir. 2008), the Tenth Circuit explained that a defendant convicted under an aiding and abetting theory to the crime of violence underlying a § 924(c) charge is guilty as a principal to the underlying offense, and a conviction under an aiding and abetting theory is not predicated upon an agreement or conspiracy to commit the crime of violence. Id. at 1078-79. Therefore, Davis has no impact on the validity of defendant's § 924(c) and his successive § 2255 motion does not actually rely upon a new rule of constitutional law that has been made retroactive to cases on collateral review. Plaintiff's motion to dismiss (Dkt. # 327) should be granted and defendant's successive § 2255 motion (Dkt. # 321) is dismissed.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a certificate of appealability (COA) before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The

Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 321) is **dismissed**, and plaintiff's motion to dismiss defendant's successive § 2255 motion (Dkt. # 327) is **granted**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that defendant's motions for appointment of counsel (Dkt. ## 320, 326) are **denied**.

**IT IS FURTHER ORDERED** that defendant's motions to supplement his successive § 2255 motion (Dkt. ## 324, 325) are **granted**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as to any issue raised in defendant's § 2255 motion (Dkt. # 321).

**DATED** this 17th day of November, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE